**LORONA STEINER DUCAR, LTD.**
3003 North Central Avenue, Suite 1500
Phoenix, Arizona 85012-2909
Telephone: (602) 277-3000
Facsimile: (602) 277-7478

Jess A. Lorona (009186)
Katherine E. Flaherty (024303)
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Stacia C. Hill**, <br><br> Plaintiff, <br><br> vs. <br><br> **City of Phoenix**; **Wayne Bensfield** and **Jane Doe Bensfield**, husband and wife; **Robert Demlong** and **Jane Doe Demlong**, husband and wife, <br><br> Defendant. | **CASE NO. 2:10-CV-01914-ECV** <br><br> **First Amended Complaint** <br> (Violation of Civil Rights) <br> (Discrimination) <br> (Harassment) <br> (Retaliation) <br><br> (Jury Trial Requested) |

Plaintiff, Stacia C. Hill ("Hill"), by and through undersigned counsel, hereby alleges as follows for her First Amended Complaint against Defendants City of Phoenix, Wayne and Jane Doe Bensfield and Robert and Jane Doe Demlong as follows.

## **PARTIES AND JURISDICTION**

1. The employment practices alleged to be unlawful were committed in the State of Arizona.

/ / /

1

2. Plaintiff, Hill, is a resident of Arizona authorized to bring this action pursuant to 42 U.S.C. § 2000e-5(f)(1).

3. Defendant City of Phoenix is, at all times relevant, a political subdivision of the State of Arizona located in Maricopa County, Arizona, and has continuously had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

4. At all relevant times, the City of Phoenix has elected to carry out certain of its statutory powers through an organized police department known as the Phoenix Police Department. The City of Phoenix, acting by and through the Phoenix Police Department (the "PPD"), has continuously been an employer engaged in industries affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

5. Defendants Wayne Bensfield ("Bensfield") and Jane Doe Bensfield are, upon information and belief, husband and wife and residents of Maricopa County, State of Arizona.

6. At all times relevant herein, Defendant Bensfield was an employee of PPD.

7. Defendant Robert Demlong ("Demlong") and Jane Doe Demlong are, upon information and belief, husband and wife and residents of Maricopa County, State of Arizona.

8. At all times relevant herein, Defendant Demlong was an employee of PPD.

2

9.  On June 9, 2010, the U.S. Department of Justice ("DOJ") issued to Plaintiff a Notice of Right to Sue regarding Charge No. 540-2009-01536. *See* Notice of Right to Sue attached hereto as Exhibit A and incorporated herein by this reference.

10. Defendants are subject to the personal jurisdiction of this Court.

11. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343. This action is authorized and instituted pursuant to Section 703(a) and Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 2000e-3(a) ("Title VII").

12. Pursuant to 28 U.S.C. § 1391(b), venue is proper before this Court.

## GENERAL ALLEGATIONS

13. Plaintiff incorporates each and every allegation set forth above as if more fully set forth herein.

14. On or about November 18, 1991, Plaintiff was hired by PPD.

15. Just prior to the filing of Plaintiff's Complaint with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff was employed in the supervisory Sergeant position.

16. Plaintiff is a woman.

17. In or about December of 2004, Plaintiff was diagnosed with a disability, specifically, shift work sleep disorder.

18. Plaintiff's disability requires her to work day shifts and results in severe migraines requiring her to miss work on occasion as well as requiring her to attend multiple doctor's appointments.

19.  On November 22, 2008, Plaintiff requested a reasonable accommodation for her disability: a flexible work schedule allowing her to make up time missed during the week due to her disability on the weekend of the same week.

20.  Working some weekend hours would have allowed Plaintiff to observe and assist employees that are otherwise never supervised.

21.  On January 29, 2008, the PPD denied Plaintiff the requested accommodation.

22.   In June of 2008, one of Plaintiff's subordinates was involved in a verbal altercation and when Plaintiff asked that the incident be reduced to writing, she was subjected to harassment, intimidation and a hostile work environment by Sergeant Bensfield and Commander Demlong.

23.  By e-mail dated January 21, 2009, Plaintiff notified Commander Demlong that she would be filing her EEOC complaint on January 26, 2009.

24.  On January 29, 2009, Plaintiff received notice via voice mail that her position was scheduled to be eliminated.

25.  PPD had previously released its list of positions to be eliminated and Plaintiff's position was not on the list provided to her union.

26.  Plaintiff's position was added to this list after she notified Demlong of her EEOC Complaint.

27.  On February 2, 2009, Plaintiff filed a Complaint with the EEOC (Charge No. 540-2009-01536) (the "Complaint"). *See* copy of Complaint attached hereto as Exhibit B and incorporated herein by this reference.

4

28. Prior to May 29, 2009, Plaintiff requested reasonable accommodations due to the stress related to her disability (neck injury). Plaintiff requested the following accommodations: 1) the use of flex time for doctor's appointments; 2) being moved to another light duty position that did not require Plaintiff to sit in front of a computer for the duration of her shift; and 3) a temporary change in work duties.

29. Plaintiff's requests were denied.

30. On or about June 25, 2009, Plaintiff was informed that progressive discipline for her attendance would occur for all future absences.

31. Upon information and belief, this was in retaliation for the filing of Plaintiff's EEOC Complaint.

32. On or about July 14, 2009, Plaintiff was subjected to a misconduct investigation. The response she received indicated that she would receive two written reprimands.

33. Upon information and belief, this response was retaliation for Plaintiff's reporting to the EEOC and making violence in the workplace allegations against a male peer.

34. Plaintiff has received intense scrutiny since she filed her EEOC Complaint. Plaintiff is required to speak directly with her supervisor about any issue she may have. Unlike her peers she is not permitted to leave voice messages or notes.

35. Plaintiff amended the Complaint on August 5, 2009. *See* copy of Amended Complaint attached hereto as Exhibit C and incorporated herein by this reference.

36. In the Charge of Discrimination, Plaintiff alleged that she has been subjected to harassment and discrimination as a result of her disability and sex and has been retaliated against as a result of filing an EEOC Complaint.

37. Plaintiff requests a jury trial in this matter.

## COUNT ONE
## SEX DISCRIMINATION

38. Plaintiff incorporates each and every allegation above as if fully set forth herein.

39. The acts committed by PPD and its employees, as more fully set forth hereinabove, resulted in PPD's violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a).

40. PPD discriminated against Plaintiff because she is a woman, treating her differently than her male peers.

41. As a direct and proximate result of PPD's purposeful discrimination, Plaintiff has suffered from loss of supervisory duties and emotional distress.

## COUNT TWO
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

42. Plaintiff incorporates each and every allegation above as if fully set forth herein.

43. The acts committed by PPD and its employees, as more fully set forth hereinabove, resulted in PPD's violation of Section 102(a) and (b) of Title I of the Americans with Disabilities Act ("ADA").

///

44. PPD refused to provide reasonable accommodations to Plaintiff as required by the ADA.

45. As a direct and proximate result of PPD's violation of the ADA, Plaintiff has suffered from emotional distress.

## COUNT THREE
## RETALIATION

46. Plaintiff incorporates each and every allegation above as if fully set forth herein.

47. The acts committed by PPD and its employees, as more fully set forth hereinabove, resulted in PPD's violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-3(a).

48. Plaintiff has suffered from PPD's retaliation and purposeful discrimination because she filed a charge of discrimination against PPD with the EEOC pursuant to the Civil Rights Act of 1964, as amended.

49. As a direct and proximate result of PPD's retaliation and purposeful discrimination, Plaintiff has suffered from loss of supervisory duties and emotional distress.

50. PPD created intolerable working conditions for Plaintiff by retaliating against her for filing her charge with the EEOC.

51. As a direct and proximate result of PPD's purposeful and direct discrimination and retaliation, Plaintiff has suffered undue stress and anxiety from her employment with PPD which has manifested in the exacerbation of her disability.

**COUNT FOUR**
**HARASSMENT/HOSTILE WORK ENVIRONMENT**

52. Plaintiff incorporates each and every allegation above as if fully set forth herein.

53. The harassment Plaintiff endured was severe enough to alter working conditions and create an abusive working environment.

54. As a direct and proximate result of PPD's purposeful harassment, Plaintiff has suffered from emotional distress.

55. As a direct and proximate result of PPD's purposeful and direct harassment, Plaintiff has suffered undue stress and anxiety

56. The acts committed by PPD and its employees, as more fully set forth hereinabove, were such that resulted in their violation of Title VII of the Civil Rights Act of 1964, as amended.

57. Plaintiff has suffered from PPD's purposeful and direct hostile work environment. Plaintiff has experienced unfair and inconsistent treatment in comparison to other employees who were not disabled.

58. As a direct and proximate result of PPD's purposeful and direct hostile work environment, Plaintiff has suffered from emotional distress.

**WHEREFORE,** Plaintiff prays for Judgment against all Defendants as follows:

A. For compensatory damages, plus special and incidental damages in such a sum as may be proven at trial;

LORONA STEINER DUCAR, LTD.
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 277-3000

1  B. For punitive damages in such a sum as may be necessary to punish the Defendants for their wrongful acts in such a sum as may be proven at trial;

C. For the costs of this suit;

D. For her attorneys' fees and disbursements; and

E. For such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 15th day of September, 2010.

**LORONA STEINER DUCAR, LTD.**


BY: /s/ Jess A. Lorona
   Jess A. Lorona
   Katherine E. Flaherty
   Attorneys for Plaintiff

**LORONA STEINER DUCAR, LTD.**
ATTORNEYS AT LAW
PHOENIX CORPORATE CENTER
3003 NORTH CENTRAL AVENUE, SUITE 1500
PHOENIX, ARIZONA 85012-3909
(602) 277-3000